UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ETHEL J. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04CV00062 ERW |
| | ) | |
| RAMADA FRANCHISE SYSTEMS, INC. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion (1) for Additional Time to Respond to the Defendants' Separate Motions for Summary Judgment and (2) to Compel the Defendants to Produce Documents Previously Requested [doc. #40] and Defendant Ramada Worldwide, Inc.'s Motion for Protective Order [doc. #43]. A hearing was held on May 6, 2005, and the Court heard arguments from the parties on the Motions.

In her Motion to Compel, Plaintiff requests that Defendants be compelled to produce two items: (1) all system standards manuals, and all amendments and revisions of the manual, in effect for the Poplar Bluff Ramada Inn for December 1, 1998 through June 29, 2001 ("the operations manual"), and (2) all settlement documents and agreements under which Peter Katsaliros and Ramada Franchise Systems, Inc. settled their litigation over termination of the license agreement for the Poplar Bluff Ramada Inn ("the settlement agreement"). In response, Defendant Ramada Worldwide, Inc. ("Ramada") states that the requested operations manual is confidential and should only be produced upon entry of a protective order. Ramada further argues that the requested settlement agreement

1

is irrelevant and confidential and that it need not be produced.

I.      **Operations Manual**

Ramada states that the operations manual is a document provided to its franchisees which contains guidelines to assist in maintaining a uniform appearance among all of the franchisees' facilities. According to Ramada, it contains proprietary commercial and trade secret information. Ramada correctly points out that courts generally apply four criteria in analyzing whether a document or information constitutes a confidential trade secret: "(1) the extent to which the information is known outside of the business; (2) the extent to which the information is known to those involved in the business; (3) the extent of the measures taken to guard the secrecy of the information; [and] (4) the value of the information to the business and its competitors." *Blue Cross and Blue Shield of Mo. v. Anderson*, 897 S.W.2d 167, 170 (Mo. Ct. App. 1995) (alteration in original).

The operations manual contains trade secret information and will therefore be ordered to be produced subject to a suitable protective order. The operations manual is not publicly available, but is provided only to licensed franchisees. Ramada does not wish its manual to be disclosed to those with whom it does not have an agreement to utilize the trade name. An appropriate protective order will sufficiently protect the interests of both Plaintiff and Ramada because Plaintiff will be able to rely on the document in her opposition to the summary judgment motions, and Ramada will be afforded the protection it needs from disclosure to the public. Therefore, the Court will grant Plaintiff's Motion to Compel with respect to the operations manual, and the Court will grant Ramada's request for an appropriate protective order.[1]

---

[1]During the hearing on this matter, the Court instructed the parties to confer and then to present a proposed protective order for this Court's consideration. The parties have informed the Court that they were unable to reach an agreement as to a suitable protective order. Because the

**II.     Settlement Agreement**

Plaintiff also seeks to compel the production of a settlement agreement and any settlement documents relating to a lawsuit between Ramada and Peter Katsaliros. According to Plaintiff, the settlement agreement is relevant because it concerns the time at which the license agreement was terminated. Ramada argues that the settlement agreement is irrelevant to the present case and concerns a separate action between Ramada and Mr. Katsaliros based on money owed to Ramada by Mr. Katsaliros for the use of the trademark and for the premature termination of the license agreement. Ramada further argues that the very terms of the settlement agreement require that the agreement remain confidential. Ramada argues that Plaintiff has failed to demonstrate the relevance of the settlement agreement or a need for the agreement to pursue her claims in the present case.

At the conclusion of the hearing on this matter, the Court ordered Ramada to provide the settlement agreement to the Court for *in camera* review. Upon reviewing the settlement agreement, the Court finds that Plaintiff has failed to meet its burden of demonstrating that the settlement agreement is relevant or that it is likely to lead to relevant evidence. Therefore, Plaintiff's Motion with respect to the settlement agreement will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (1) for Additional Time to Respond to the Defendants' Separate Motions for Summary Judgment and (2) to Compel the Defendants to Produce Documents Previously Requested [doc. #40] is **GRANTED**, **in part**, and **DENIED**, **in**

---

Court agrees that the operations manual should be treated as confidential, the Court will enter the protective order proposed by Ramada.

**part**. Defendant Ramada Worldwide, Inc. shall produce all system standards manuals, and all amendments and revisions of the manual, in effect for the Poplar Bluff Ramada Inn for December 1, 1998 through June 29, 2001 within **TWO (2)** days of the date of this Order. Said systems manuals shall be treated as confidential in accordance with the Protective Order entered on this date. Defendant Ramada Worldwide, Inc. shall not be compelled to produce the requested settlement agreement. Plaintiff shall respond to Defendants Katsaliros' Motion for Summary Judgment [doc. #34] and Defendant Ramada Worldwide, Inc.'s Motion for Summary Judgment [doc. #37] within **NINE (9)** days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant Ramada Worldwide, Inc.'s Motion for Protective Order [doc. #43] is **GRANTED**. The requested protective order will be entered by the Court on this date by separate order.

Dated this 10th day of May, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE